IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| TRACY LYNN FREEMAN, | : | BANKRUPTCY NO.: 5-08-bk-51446 |
| DEBTOR | : | |
| TRACY LYNN FREEMAN | : | {**Nature of Proceeding**: Debtor's Objection to Claim #4 of LVNV Funding, LLC (Doc. #44)} |
| OBJECTOR | : | |
| vs. | : | |
| LVNV FUNDING, LLC, c/o Resurgent Capital Services | : | |
| CLAIMANT | : | |

# OPINION

This case comes before me by reason of an Objection by Debtor, Tracy Lynn Freeman, to the Proof of Claim filed by LVNV Funding, LLC. While evidentiary objections were filed to the attempt to admit documentation of the transfer of this claim against the Debtor from Sears to Citibank to LVNV, the disposition of the Objection comes down to a much more basic issue. That question is whether the Proof of Claim filed is sufficient to represent sufficient evidence of validity. If it is *prima facie* valid, then it will be allowed since no testimonial evidence was offered by either Debtor or creditor at the time of the hearing on this Objection. See *In re Stauder,* 396 B.R. 609 (Bkrtcy. M.D.Pa. 2008). A discussion of the shifting burden of proof for claims is found in *In re Allegheny Intern, Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992).

The Proof of Claim alleges an outstanding balance due to LVNV of $4,818.75 for an obligation due on a Mastercard. Attached to the claim and identified as "Account

Detail" is a document that adds little but the date of the last transaction on the account and the last four digits of the card number.

If a claim is based on a writing, it is required that the writing be attached. Federal Rule of Bankruptcy Procedure 3001(c). The Response to the Objection to claim includes the following language:

> The Proof of Claims (sic) dated 7/15/2008 is hereby amended to reflect that there is no original or duplicate credit card agreement since the document has been lost or otherwise is unavailable as it was not provided by the original credit issuer. To the extent a copy can be located same will be provided. Notwithstanding, at the date of this submission, no documents exist due to the loss or destruction of the agreement.

The conclusion I come to is that there is no data that exists that Debtor owes money to the Claimant. Nevertheless, somehow LVNV Funding has knowledge that Debtor, Freeman, is obligated to it AND that the Debtor's last transaction was 12/29/05, but that knowledge has not been memorialized in any form. Moreover, evidence has not been offered as to how the Claimant managed to arrive at a balance due without any documentation of the account history.

That appears to be a bad break for the Claimant. Since the Proof of Claim lacks *prima facie* validity, I will disallow it.

My Order will follow.

Date: April 16, 2009

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*